UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

DONNELL MILSAP                                                                                    PETITIONER

v.                                                                   CIVIL ACTION NO. 3:11-CV-204-S

GARY BECKSTROM, WARDEN                                                              RESPONDENT

**OPINION AND ORDER**

This matter is before the Court for preliminary review of Donnell Milsap's *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. *See* Rule 4 of the Rules Governing § 2254 Cases. 28 U.S.C.A. following § 2254. The Court concludes that this petition is a "mixed petition," that is, one containing claims that Petitioner has yet to present in state court, and that a stay and abeyance procedure may be appropriate.

Following a jury trial, Petitioner was convicted, January 24, 2008, for possession of a controlled substance, first degree (subsequent offense) and for being a persistent felony offender, first degree. He received an enhanced sentence of thirteen years' imprisonment. Petitioner appealed, and the Court of Appeals of Kentucky affirmed on October 16, 2009. (*Milsap v. Commonwealth*, 2009 WL 3321016 (Oct. 16, 2009 Ky. App.). The Supreme Court of Kentucky denied discretionary review on June 9, 2010. Petitioner has not sought further direct or collateral state review. Petitioner filed this federal petition on or about April 5, 2011.

Petitioner readily admits this federal petition contains not only three claims presented in his state appeal but also several claims, raised for the first time: ineffective assistance of trial and appellate counsel, prosecutorial misconduct, manifest injustice, perjury, surprise at trial, and errors that were substantial, plain and cumulative. These new claims, particularly the

ineffective assistance of counsel claims, may be remedied in state court in a motion to vacate under Rule 11.42 of the Kentucky Rules of Criminal Procedure, which is available up to three years after a conviction becomes final.

Because this federal petition contains new claims, federal review is not available. The latest amendment to the federal habeas corpus statute, known as the Federal Anti-Terrorism and Effective Death Penalty Act of 1996 ( AEDPA), limits federal review of state prisoners' federal claims in two ways that are pertinent here. *See Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528 (2005). First, a state prisoner must file a federal petition before expiration of a one year limitation period; although, once the limitation period begins to run, the statute excludes the time during which the prisoner seeks post-conviction relief in state court. 28 U.S.C. § 2244(d); *see also Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003). The statute of limitation, although not a present bar to this petition, bears mention because of its close correlation to the second limitation: exhaustion of state remedies. A state prisoner must exhaust available, state judicial remedies and give the state the first opportunity to correct any violations of the prisoner's federal rights before a federal court may grant a petition. § 2254(b)(1); *Picard v. Conner*, 404 U.S. 270, 275 (1971) ("It follows, of course, that once the federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied."); *Silverburg v. Evitts*, 993 F.2d 124 (6th Cir. 1993) ("The exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims.").

Before Congress imposed a statute of limitations on habeas petitions, the federal courts followed the rule of *total* exhaustion: if a petition mixed both exhausted and unexhausted claims,

the court dismissed the petition in its entirety with leave to refile following conclusion of state proceedings. *See Rose v. Lundy*, 455 U.S. 509, 519 (1982). The AEDPA's one year limitation period, however, has complicated the total exhaustion rule, which may preclude rather than promote timely federal review of claims originally presented in mixed petitions.

In response to this development, the Supreme Court of the United States has held that in "limited circumstances," a district court may, in its discretion, stay (rather than dismiss) and hold a petition in abeyance during the time a petitioner seeks state relief on the unexhausted claims. *Rhines v. Weber*, 544 U.S. 269 (2005) (stating that "a stay effectively excuses a petitioner's failure to present his claims first to the state courts ... [and] is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his clams first in state court."); *Wagner v. Smith*, 581 F.3d 410 (6th Cir. 2009) (stating that as a general matter, a federal court may not grant a writ even on a "mixed" petition, "one containing claims that the petitioner has pressed before the state courts and claims that he has not.") (quoting *Harris v. Lafler*, 553 F.3d 1028, 1031 (6th Cir. 2009)).

The Court concludes the circumstances surrounding the filing of this petition warrant a stay and abeyance approach. Petitioner avers that some of the new claims were not presented for state review, despite his requests, due to ineffective assistance of counsel, both at the trial and appellate levels. Furthermore, although Petitioner has an available state remedy, only a few weeks remain, at best, before the federal one-year statute of limitations expires. Thus, to preserve federal review, Petitioner must file the state motion before the expiration of the federal limitation period, on or about June 9, 2011.

On the other hand, Petitioner may elect to withdraw the unexhausted claims and proceed

with federal review of the exhausted claims. If so, the Court must caution Petitioner that the habeas statute will likely prohibit later federal review of the withdrawn claims, under 28 U.S.C. § 2244(b)(2).

The Court being sufficiently advised,

**IT IS HEREBY ORDERED** that Petitioner shall **within 7 days of the date of this order** file written notice stating whether he elects **1)** to file a petition in state court for relief under Rule 11.42 or other means to exhaust his available state remedies on the new claims while the federal petition is stayed and held in abeyance; **or 2)** to withdraw the new, unexhausted claims and proceed with federal review of the exhausted claims.

DATE:

Copies to: Petitioner, pro se

4411.007