UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

DONNELL MILSAP                                                    PETITIONER

v.                                              CIVIL ACTION NO. 3:11-CV-204-S

GARY BECKSTROM, WARDEN                                          RESPONDENT

## REPORT AND RECOMMENDATION

This matter is before the court on Donnell Milsap's *pro se* petition for a writ of habeas

corpus under 28 U.S.C. § 2254. The petitioner claims that inculpatory statements given, and

cocaine seized, during an investigatory stop, and that gaps in the chain of custody of such seized

evidence, among other trial errors, warrant habeas relief. The respondent, Gary Beckstrom,

argues the petition should be denied on grounds of procedural default and on the merits. The

court referred this matter to the undersigned magistrate judge for a report and recommendation

pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). For reasons stated below, the magistrate judge

will recommend that the court deny the petition.

## I. FINDINGS OF FACT

1)      A jury convicted the petitioner in January 2008 of possession of a controlled

substance in the first degree (cocaine), second or subsequent offense, and being a persistent

felony offender, first degree. The petitioner received an enhanced sentence of thirteen years'

imprisonment. The petitioner appealed, and the Kentucky Court of Appeals affirmed the

conviction in October 2009. The Supreme Court of Kentucky denied discretionary review in

June 2010. The petitioner did not seek state collateral review of his conviction.

2)      The petitioner's conviction stems from events at the Beecher Terrace housing

project in Louisville, Kentucky, in August 2006. Officers patrolling the complex, which they

described as a high crime area, stopped the petitioner riding on a bicycle in the middle of the night, at approximately 2:45 a.m. In conversing with the petitioner, the officers first confirmed their belief that the petitioner was not a resident nor visiting a resident of the complex, and then asked whether the petitioner had anything on his person that would "get him into trouble." The petitioner stated he had three pieces of "dope" and knife in his pocket. A subsequent search revealed three bags of cocaine, a knife, and three blue Viagra pills in his pockets.[1]

3)       The petitioner was indicted for cocaine possession, second or subsequent offense, carrying a concealed deadly weapon, and criminal trespass, third degree. Prior to trial, the commonwealth moved to dismiss the concealed weapon charge.[2] Following a two-day trial, the jury convicted the petitioner of possession of a controlled substance, but acquitted the petitioner of criminal trespass. The petitioner waived his right to have the jury set his penalty and agreed to a sentence of thirteen years' imprisonment. The petitioner reserved only the right to appeal from the guilt phase of the trial.

4)       On appeal, the state appellate court rejected the petitioner's claims that the trial court erred in denying a motion to suppress and in refusing to grant a directed verdict on chain of custody grounds. The state appellate court also rejected the petitioner's *Miranda* claim.

5)       In addition to these three claims, the petitioner adds several claims in this federal petition without having exhausted his state remedies on these new claims. This court entered an an opinion and order in response to this "mixed" petition, and in due course the petitioner elected

---

[1] Resp't Appendix at 67, *Milsap v. Commonwealth*, 2008-CA-000388 (Ky.Ct.App., October 16, 2009).

[2] Apparently, the prosecution was unable to produce the knife.

to withdraw the unexhausted claims and proceed with federal review of the exhausted claims.[3]

## II.  CONCLUSIONS OF LAW

### A.  Standard of Review

6)     The federal habeas statute, as amended in the Antiterrorism and Effective Death Penalty Act of 1996, provides relief from a state conviction if the petition satisfies one of the following conditions:

the [state court's] adjudication of the claim –

(1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  This statute further provides that state court determinations of fact are presumed to be correct.  § 2254(e)(1).

### B.  Petition

7)     The petitioner devotes considerable argument in his memorandum to the suppression hearing and, particularly, the lack of credibility in the officers' account of the investigatory stop.  Unfortunately for the petitioner, any challenge to the state court's rulings that the officers acted with reasonable suspicion and conducted a valid, brief investigatory stop is not a reviewable Fourth Amendment claim in habeas proceedings under the doctrine of *Stone v. Powell*.  This doctrine precludes habeas review of claims arising under the exclusionary rule

---

[3]Response to Show Cause (DN 7); see also petitioner's reply memorandum at p. 3 (DN13).

when the state courts have given the matter full consideration. *Withrow v. Williams*, 507 U.S. 680, 686 (1993).

8)      Because the petitioner received thorough state review at trial and on appeal of the validity of the investigatory stop, the magistrate judge concludes the *Stone v. Powell* doctrine precludes federal habeas review of this Fourth Amendment claim. The magistrate judge will therefore recommend that the court deny Ground I in the petition.

9)      In Ground II of the petition, the petitioner challenges the admissibility of his statement to the officer that he was carrying "dope" and a knife in his pocket, as an unwarned statement in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966). The respondent argues that federal review of the *Miranda* claim is procedurally defaulted because the state appellate court, before addressing the merits, noted the claim had not been properly preserved for appellate review. Because the *Miranda* claim plainly lacks merit, however, the magistrate judge will recommend denying the *Miranda* claim on the merits, rather than on grounds of procedural default. *See Lambrix v. Singletary*, 520 U.S. 518, 525 (1997) (holding that ruling on a procedural default defense is not necessary if the petitioner cannot prevail on the merits).

10)      As the state court correctly observed, *Miranda* warnings are required only in the context of custodial interrogations. *See Miranda*, 384 U.S. at 444 (Custodial interrogation is "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way."). Whether a person is "in custody depends "on the objective circumstances of the interrogation, not on the subjective views harbored by either the interrogating officers or the person being questioned." *Yarborough v. Alvarado*, 541 U.S. 652, 663 (2004) (quoting *Stansbury v. California*, 511 U.S. 318, 323

(1994)); *see also Thompson v Keohane*, 516 U.S. 99 (1995) (stating that "the court must apply an objective test to resolve the ultimate inquiry: was there a formal arrest or restraint on freedom of movement of the degree associated with a formal arrest.").

11)     On habeas review, the court must determine whether the state-court adjudication of the claim "involved an unreasonable application" of clearly established law when it concluded that the petitioner was not in custody. *See Yarborough*, 541 U.S. at 665. Here, the state court concluded that the petitioner was not subjected to custodial interrogation when, during the initial moments of an investigatory stop, the petitioner stated that he had "dope" in his pockets. The state court found the "officers merely ordered [the petitioner] to get off his [bicycle] in an attempt to control the investigative stop by being on equal footing with him. ... Even after [the petitioner] was ordered to dismount his bicycle, he was not placed into custody until *after* he had voluntarily disclosed the contents of his pocket which included "dope," Viagra, and a knife."[4]

12)     The magistrate judge concludes that the state court's determination of the facts and application of *Miranda*'s in-custody requirement was both correct and reasonable in light of the evidence before it. The magistrate judge will therefore recommend that the court deny ground II in the petition.

13)     In his final claim on federal review, the petitioner claims that at trial, the prosecution was not able to show proper chain of custody of the three bags of cocaine because the officers were allegedly confused about which officer placed this evidence in the property room.[5] The admission of the cocaine evidence, the petitioner argues, violated state evidentiary

---

[4]App. at 75.

[5]Reply at 4-5 (DN 13); see also App. at 72.

rules and resulted in a denial of due process.

14) On this point, the Kentucky Court of Appeals found the following:

> Officer Lauder and Detective Seelye testified that after the drugs were removed from [the petitioner's] person, Officer Osbourne transported them, along with the other seized property, to the [police department] property room. ...Officer Lauder [identified the bags of cocaine and Viagra pills, during his trial testimony, as] the same evidence he confiscated from [the petitioner's] person based on the initials that were printed on the flap of the envelope.
> Officer Osbourne was not called to testify regarding his handling of the evidence[;] however, at a bench conference, Detective Seelye informed the court that the property receipts for the drugs and the other property were signed by Officer Osbourne and indicated the evidence was logged into the property room at 3:21 a.m. and 3:26 a.m. respectively.[6]

15) As a preliminary matter, the petitioner argues the trial court violated a state evidentiary rule which requires chain of custody. "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (stating that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"). As a result, "errors in application of state law, especially with regard to the admissibility of evidence, are usually not cognizable in federal habeas corpus." *Walker v. Engle*, 703 F.2d 959, 962 (6th Cir. 1983). Only if a state evidentiary ruling is so egregious that it results in a denial of fundamental fairness will a federal habeas court conclude that the state error also violates the Due Process Clause of the Fourteenth Amendment and thus warrants habeas relief. *Sanborn v. Parker*, 629 F.3d 554, 575 (6th Cir. 2010).

---

[6]App. at 73.

16)     A "fundamental fairness" inquiry has limited scope, however, and federal judges "are not free, in defining 'due process,' to impose on law enforcement officials their personal and private notions of fairness and to disregard the limits that bind judges in their judicial function.  They are to determine only whether the action complained of violates those fundamental conceptions of justice which lie at the base of our civil and political institutions, and which define the community's sense of fair play and decency."  *Id.*, (quoting *Dowling v. United States*, 493 U.S. 342, 352-53 (1990)).

17)     The magistrate judge concludes the state court's admission of the cocaine and other evidence seized from the petitioner's pockets did not result in a denial of fundamental fairness.  The appellate court explained that its evidentiary rules permit an imperfect chain of custody, which is, itself, an issue that goes to the weight of the evidence rather than its admissibility.[7]  The appellate court reasoned that, among other reasons, because the testifying officer recognized the evidence as that seized, "the chain of custody was sufficiently proven to overcome a directed verdict motion and to allow the evidence to be presented to the jury for their consideration of how much weight and credibility it deserved."[8]  In the magistrate judge's view, admitting evidence based on the testimony of the officer who initiated the investigatory stop, questioned the petitioner, and seized the evidence –  testimony identifying the evidence as the same as the three bags of cocaine and the three Viagra pills seized from the petitioner's pockets – does not violate notions of fundamental fairness nor warrant habeas relief.

18)     The petitioner also mentions the Sixth Amendment, presumably the Confrontation

---

[7]App. at 74, citing *Thomas v. Commonwealth*, 153 S.W.3d 772, 781 (Ky. 2004).

[8]App. at 74; see also attachment 5 to the petitioner's reply (DN 13-5).

Clause, as a basis for habeas relief, and argues that the officer who signed the property room log should have testified.[9]  As an initial matter, it appears that federal habeas review is not available for a confrontation claim because the petitioner argues it for the first time in this federal petition. The parties' state court appellate briefs contain no mention of a confrontation claim, and the appellate court did not address it.[10]  In addition, the petitioner withdrew his unexhausted claims at the pleading stage of these habeas proceedings, and again in the briefs defends the respondent's arguments of procedural default with the assertion that he elected to withdraw defaulted claims, rather than return to state court, to expedite federal review.[11]

19)     Second, the magistrate judge concludes that the confrontation claim, under *Crawford v. Washington*, 541 U.S. 36 (2004), lacks merit because any technical violation of the petitioner's right to confront an officer whose initials provided perfect chain of custody would qualify as harmless error.  *See Grover v. Perry*, 698 F.3d 295, 302-03 (6th Cir. 2012) (stating that a confrontation error supports habeas relief only if it survives harmless error analysis by having had a substantial and injurious effect in the state-court criminal trial.)  Aside from whether the petitioner's argument supports a valid confrontation claim, the inescapable fact remains that the testifying officer identified the evidence as the same evidence he and his fellow officer retrieved from the petitioner's pocket.

20)     The magistrate judge will therefore recommend denying ground III in the petition.

---

[9]Reply at 6.

[10]See the respondent's appendix (DN 11); see also attachment 5 to the petitioner's reply (DN 13-5).

[11]Reply at 3.

### III.  RECOMMENDATION

The magistrate judge recommends that the court deny the petition for failure to satisfy

conditions for granting habeas relief under § 2254(d) and (e).

### IV.  CERTIFICATE OF APPEALABILITY

If the district court agrees with the magistrate judge's recommendation in this matter, it

must determine whether a certification of appealability should issue.  Before seeking an appeal,

a habeas petitioner must make a substantial showing of the denial of a constitutional right.  28

U.S.C. § 2253.  This does not require a showing that the appeal will succeed.  *Slack v. McDaniel*,

529 U.S. 473 (2000).  Rather, the petitioner must show that reasonable jurists could find

debatable whether the petition should be resolved in a different manner or that the matter

deserves further review.  *Miller-El v. Cockrell*, 537 U.S. 322 (2003).  The magistrate judge

concludes no reasonable jurist could find debatable the conclusion that the claims in this petition

fail on the merits.  Therefore, the magistrate judge recommends denying a certificate of

appealability.

DATE:

Copies to Petitioner, *pro se*,
and Counsel of Record

### N O T I C E

Within fourteen (14) days after being served a copy of these proposed findings of fact, conclusions of law, and recommendation, any party who wishes to object must file and serve written objections, or further appeal is waived.  *Thomas v. Arn*, 782 F.2d 813 (6th Cir. 1984); 28 U.S.C. § 636(b)(1)(C).  A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof.