UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

DONNELL MILSAP                                                                        PETITIONER

v.                                                        CIVIL ACTION NO. 3:11-CV-00204-CRS

GARY BECKSTROM, WARDEN                                  RESPONDENT

## MEMORANDUM OPINION

     This matter is before the Court on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (DN 1) filed *pro se* by Petitioner Donnell Milsap ("Petitioner"). In accordance with 28 U.S.C. § 636(b)(1)(B), the Court referred the matter to United States Magistrate Judge James D. Moyer for proposed findings of facts and recommendations. In his Report and Recommendation (the "Report"), Judge Moyer recommends that the petition should be denied on the ground that Petitioner has failed to establish that his conviction resulted from a violation of the federal constitution or other federal law. For the reasons set forth below, the Court agrees with the Judge Moyer's Report and will therefore deny the petition.

## BACKGROUND

     On January 24, 2008, following a jury trial in Jefferson County Circuit Court, Petitioner was convicted of: 1) possession of a controlled substance in the first degree; and 2) persistent felony offender in the first degree. After waiving his right to sentencing by a jury, Petitioner was sentenced to serve a thirteen year term of imprisonment. On direct appeal, Petitioner argued that his conviction should be reversed because: 1) the trial court erred in denying his motion to suppress evidence; 2) the trial court erred in refusing to grant his motion for a directed verdict on

the controlled substance charge on account of an alleged break in the chain of custody; and 3) the arresting officers failed to advise him of his *Miranda* rights prior to subjecting him to a custodial interrogation. *Milsap v. Commonwealth*, No. 2008-CA-000388-MR, 2009 WL 3321016 (Ky. Ct. App. October 16, 2009). On October 16, 2009, the Kentucky Court of Appeals rejected these arguments and affirmed Petitioner's conviction. *Id.* at 2–5.

On April 5, 2011, Petitioner filed the present petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, arguing that his conviction must be set aside on the basis of several alleged constitutional violations. Specifically, Petitioner's § 2254 petition asserts that : 1) illegally seized evidence was admitted against him at trial in violation of the exclusionary rule; 2) his *Miranda* rights were violated by the introduction of an unwarned statement made by him during the course of a custodial interrogation; and 3) the prosecution failed to establish a proper chain of custody for certain evidence admitted against him at trial. In accordance with 28 U.S.C. § 636(b)(1)(B), the Court referred the matter to United States Magistrate Judge James D. Moyer for proposed findings of facts and recommendations. In his Report and Recommendation (the "Report"), Judge Moyer recommends that the Court deny Petitioner's § 2254 petition on the ground that he has failed to establish that his conviction resulted from a violation of the federal constitutional violation or other federal law.

The Report first addresses Petitioner's claim that the trial court erred in denying his motion to suppress. According to Petitioner, certain evidence that was introduced at trial should have been suppressed because it was discovered during the course of a warrantless seizure unsupported by probable cause or reasonable suspicion. Ultimately, the Report concludes that this argument is not reviewable as part of Petitioner's habeas petitioner under the doctrine of *Stone v. Powell*, 428 U.S. 465 (1976). As stated in the Report,

> any challenge to the state court's rulings that the officers acted with reasonable suspicion and conducted a valid, brief investigatory stop is not a reviewable Fourth Amendment claim in habeas proceedings under the doctrine of *Stone v. Powell*. This doctrine precludes habeas review of claims arising under the exclusionary rule when the state courts have given the matter full consideration. *Withrow v. Williams*, 507 U.S. 680, 686 (1993). Because the petitioner received thorough state review at trial and on appeal of the validity of the investigatory stop, the magistrate judge concludes the *Stone v. Powell* doctrine precludes federal habeas review of this Fourth Amendment claim.

(Report and Recommendation, DN 24, at 3–4). Accordingly, the Report recommends that the Court deny Petitioner's claim based on the alleged introduction of unlawfully obtained evidence.

The Report next addresses Petitioner's claim that his statement to arresting officers that he was carrying drugs and a knife in his pocket constituted an unwarned statement in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966), and therefore should not have been introduced at trial. According to Petitioner, the arresting officers subjected him to a custodial interrogation by requesting that he dismount his bicycle and proceeding to ask him investigative questions. However, after reviewing the merits of Petitioner's claim, the Report concludes that the state appellate court did not unreasonably apply federal law in denying his claim on appeal. As the Report observes:

> the state court concluded that the petitioner was not subjected to custodial interrogation when, during the initial moments of an investigatory stop, the petitioner stated that he had "dope" in his pockets. The state court found the "officers merely ordered [the petitioner] to get off his [bicycle] in an attempt to control the investigative stop by being on equal footing with him. ... Even after [the petitioner] was ordered to dismount his bicycle, he was not placed into custody until after he had voluntarily disclosed the contents of his pocket which included "dope," Viagra, and a knife."

(Report and Recommendation, DN 24, at 5). Based on these excerpts from the state court's decision, the Report concludes that "the state court's determination of the facts and application of *Miranda*'s in-custody requirement was both correct and reasonable in light of the evidence

before it." Accordingly, the Report recommends that Petitioner's *Miranda* claim should be denied.

The Report last addresses Petitioner's claim that his federal due process rights were violated by the introduction of evidence for which Petitioner claims the prosecutor failed to establish a proper chain of custody. According to Petitioner, the prosecution failed to establish a proper chain of custody for three bags of cocaine because the arresting officers were allegedly confused about which officer ultimately stored the evidence in the property room. Because the failure to establish a proper chain of custody allegedly violated both state evidentiary rules and Petitioner's federal due process rights, Petitioner claims that the evidence should not have been admitted at trial. Ultimately, however, the Report concludes that this claim lacks merit because: 1) state evidentiary rules are irrelevant in a habeas petition given that "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States;" and 2) "admitting evidence based on the testimony of the officer who initiated the investigatory stop, questioned the petitioner, and seized the evidence… does not violate notions of fundamental fairness nor warrant habeas relief." (Report and Recommendation, DN 24, at 7). Accordingly, the Report recommends that Petitioner's due process claim should be denied.

Pursuant to 28 U.S.C. § 636(b)(1)(C), Petitioner has raised several objections to the Report, with respect to which this Court must now make a *de novo* determination. For the reasons set forth below, the Court finds Petitioner's objections unavailing and will therefore adopt the Report in full.

**STANDARD**

28 U.S.C. § 2254(d) provides that:

4

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A state court decision is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite of that reached by the Supreme Court on a question of law, or if the state court reaches a substantially different conclusion than the Court based upon a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412–13 (2000). An "unreasonable application" of clearly established federal law occurs "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. A federal habeas court may not, however, find a state adjudication to be unreasonable "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Rather, the petitioner must demonstrate that the state court's application of clearly established federal law to the facts of his case was objectively unreasonable. *Price v. Vincent*, 538 U.S. 634, 641 (2003).

When the matter has been referred to a magistrate judge for proposed findings and recommendations, the district court must conduct a *de novo* review of any potion thereof to which a party objects. 28 U.S.C. § 636(b)(1). In doing so, the district court is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. *Id.* Importantly, only specific objections are entitled to *de novo* review. By contrast, "Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal." *United States v.*

*Mullikin*, No. 5:05-162-JMH, 2013 WL 3107560 (E.D. Ky. June 18, 2013) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). At the very least, "[t]he objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir.1995)." Thus, "objections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings ... believed [to be] in error' are too general." *Spencer*, 449 F.3d at 725 (quoting Miller, 50 F.3d at 380).

## DISCUSSION

### A. Petitioner's Objections

Petitioner has raised several objections to the Report. In accordance with 28 U.S.C. § 636(b)(1)(C), the Court must now make a *de novo* determination of all issues raised by Petitioner's objections.

### i. Fourth Amendment

Petitioner first objects that the Report incorrectly applied the doctrine of *Stone v. Powell* in reaching its conclusion that Petitioner was precluded from asserting his fourth amendment claim as part of his habeas petition. According to Petitioner, *Stone* is inapposite because: 1) "*Stone v. Powell*, though a Fourth Amendment case, has nothing to do with reasonable suspicion…;" and 2) "*Stone v. Powell* doctrine has no relevance where someone has been found not guilty of vagrancy." (Petitioner's Objections, DN 25, at 1). Although Petitioner may be correct that *Stone* "has nothing to do with reasonable suspicion,"[1] that fact does not change the central holding of *Stone* respecting the unavailability of federal habeas review for Fourth Amendment-based claims. Similarly, the mere fact that *Stone* involved a prosecution based on a

---

[1] The alleged Fourth Amendment violation in *Stone* was based on the arresting officer's lack of *probable cause* to arrest, *Stone v. Powell*, 428 U.S. 465, 770 (1976), and thus in this limited sense Petitioner is correct that *Stone* "has nothing to do with reasonable suspicion."

6

vagrancy ordinance does not exempt defendants prosecuted under other laws from being subject to its holding. In sum, Petitioner has failed to raise a colorable objection to the Report's recommendation that his Fourth Amendment claim should be denied. Therefore, the Court will adopt the Report's recommendation.

**ii. Custodial Interrogation**

Petitioner next objects to the Report's recommendation that his *Miranda* claim should be denied. According to Petitioner, the Report incorrectly concluded that the state appellate court did not unreasonably apply federal law in arriving at its conclusion that Petitioner was not in custody when he told the arresting officers that he had drugs and a knife in his pocket. Based on his argument that the arresting officers had seized him prior to asking him questions, Petitioner claims that his incriminating statement was the product of a custodial interrogation and therefore should not have been admitted at trial. In Petitioner's words:

> Officer Lauder and Sergeant Seelye initiated an investigative stop by yelling "Police! Stop!" and holding up their badges. This is a show of authority which Petitioner complied with… At this point, any words likely to elicit an incriminating response from… Petitioner without a declaration of rights would be a violation of the 5th Amendment.

(Petitioner's Objections, DN 25, at 5).

However, Petitioner's objection fails to address the constitutional distinction between seizure and custody. While a seizure occurs whenever an officer "by means of physical force or show of authority, has in some way restrained the liberty of a citizen," *Terry v. Ohio*, 392 U.S. 1, 19 n. 16 (1968), there can be no custody without "a formal arrest or restraint on freedom of movement of the degree associated with a formal arrest." *Maryland v. Shatzer*, 559 U.S. 98, 112 (2010) (quoting *New York v. Quarles*, 467 U.S. 649, 655 (1984)) (internal quotation marks omitted). Thus, the mere fact that a person has been seized does not necessarily mean that they

7

have been taken into custody. Specifically, "the temporary and relatively nonthreatening detention involved in a traffic stop or *Terry* stop does not constitute *Miranda* custody." *Shatzer*, 559 U.S. at 113 (citations omitted).

After reviewing Petitioner's arguments, the Court concludes that the state appellate court did not unreasonably apply federal law in holding that Petitioner was never taken into custody. To the contrary, it reasonably concluded that Petitioner's detention by the arresting officers was more akin to an ordinary *Terry* stop and therefore did not amount to the equivalent of a formal arrest. For this reason, the Court agrees with the Report's conclusion that "the state court's determination of the facts and application of *Miranda*'s in-custody requirement was both correct and reasonable in light of the evidence before it." (Report and Recommendation, DN 24, at 5). Therefore, the Court will adopt the Report's recommendation that Petitioner's *Miranda* claim should be denied.[2]

**iii. Chain of Custody**

Petitioner's final objection focuses on the Report's conclusion that the prosecution adequately established a proper chain of custody with respect to the three bags of cocaine seized from Petitioner. After reviewing the substance of Petitioner's objection, the Court concludes that Petitioner has merely restated the arguments set forth in his petition and that his objection therefore does not warrant separate consideration. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004) ("A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An 'objection' that does nothing more than state a disagreement with a

---

[2] As an aside, the Court notes that Petitioner also objected to the Report's conclusion that Petitioner's *Miranda* claim was procedurally defaulted to the extent Petitioner failed to properly raise it on direct appeal. However, because the Court has already concluded that Petitioner's *Miranda* claim fails on the merits, it need not address Petitioner's objection to the Report's procedural conclusion.

magistrate's suggested resolution, or simply summarizes what has been presented before, is not an "objection" as that term is used in this context."). For this reason, the Court will adopt the Report's recommendation that Petitioner's due process claim based on the allegedly inadequate chain of custody should be denied.

**B. Certificate of Appealability**

A certificate of appealability may issue only if the habeas petitioner has made a "substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). In cases where the district court has rejected the petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In the case at bar, the Court concludes that reasonable jurists would not debate the denial of Petitioner's § 2254 petition or otherwise conclude that the issues presented therein are sufficiently persuasive to warrant further proceedings. Accordingly, the Court will adopt the Report's recommendation that a certificate of appealability should not issue.

## CONCLUSION

Having considered Petitioner's objections and having made a *de novo* determination, the Court concludes that Petitioner's § 2254 petition is without merit and will therefore adopt the Report in full.

A separate order will be entered in accordance with this opinion.

**Charles R. Simpson III, Senior Judge**
**United States District Court**

cc: Counsel of Record
    Petitioner, pro se

November 26, 2013